# EXHIBIT A

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

TYLER HELM,

       **Plaintiff,**                                   **CASE NO.**

v.

                                               **JURY TRIAL DEMANDED**

EQUIFAX INFORMATION SERVICES, LLC,
TRANSUNION, LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., and DISCOVER BANK,

       **Defendants.**

_____/

## COMPLAINT

Plaintiff, Tyler Helm, ("Plaintiff" or "Mr. Helm"), by and through undersigned counsel, hereby files the following *Complaint* against Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Transunion, LLC ("TransUnion"), and Discover Bank ("Discover") (collectively "Defendants"), and states as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action pursuant to 15 U.S.C. § 1681 *et seq*., the Fair Credit Reporting Act ("FCRA").

2.     On May 13, 2024, Discover reported inaccurate and false information to Plaintiff's credit report. Specifically, Discover inaccurately reported that the account balance was 30 days past due.

3.     Defendants reported inaccurate and false information on Plaintiff's credit report. As such, Plaintiff's credit score has decreased and has negatively impacted his ability to purchases/finance other goods and housing.

1

4. Plaintiff seeks damages, costs, and attorney's fees from Defendants for the above violations.

## JURISDICTION AND VENUE

5.     This is an action for damages not exceeding $50,000.00, exclusive of interest, attorney's fees, and court costs.

6.     Pursuant to Fla. Stat. § 26.012, and other applicable law, this Honorable Court has jurisdiction over each cause of action set forth herein.

7.     Venue is proper in Pinellas County, Florida, because the causes of action arose in Pinellas County, Florida.

## PARTIES

8.     Plaintiff, Tyler Helm, is a natural person residing in Pinellas County, Florida, where the causes of action arose, and is a "consumer," as that term is defined by Fla. Stat. § 559.55(2) and 15 U.S.C. § 1681(a).

9.     Defendant, Equifax Information Services, is a foreign limited liability company, is a citizen of Fulton County, Georgia, is headquartered in Georgia, does business in the State of Florida, and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681(f). Moreover, Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. § 1681(f) to third parties.

10.     Equifax disburses such consumer reports to third parties of contract for monetary compensation.

11.     Defendant, TransUnion, is a foreign limited liability company, is a citizen of   Cook County, Illinois, is headquartered in Illinois, does business in the State of Florida, and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681(f). Moreover, TransUnion regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. § 1681(f) to third parties.

12.     TransUnion disburses such consumer reports to third parties of contract for monetary compensation.

13.     Defendant, Experian Information Solutions, is a foreign profit corporation, is a citizen of Orange County, California, is headquartered in California, does business in the State of Florida, and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681(f). Moreover, Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by     15 U.S.C. § 1681(f) to third parties.

14.     Experian disburses such consumer reports to third parties of contract for monetary compensation.

15.     Defendant, Discover Bank, including its collection agents and assigns, is headquartered in Delaware, does business in the State of Florida, and is a "person" under 15 U.S.C. § 1681(b), and is a "creditor," as that term is defined by Fla. Stat. § 559.55(5).

16.      Discover failed to pursue Plaintiffs adjusted monthly payment and furnished incorrect consumer reports to the credit reporting agencies.

17.    Defendants, in the conduct of their business, use one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Plaintiff.

18.    The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they in advance that Defendants was likely to conduct themselves, and allowed them to so act, with conscious disregard of the rights and safety of others.  The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission, and authorization of Defendants.

## FACTUAL ALLEGATIONS

19.    Plaintiff was alleged to owe a debt (the "Alleged Debt").

20.    The Alleged Debt stems from transactions primarily for personal, family, or household purposes, and is therefore a "debt," as that term is defined by Fla. Stat. § 559.55(6). Namely, the Alleged Debt relates to Plaintiff's Discover's Account that is inaccurately reporting an overdue balance owed to Discover Bank, despite my payments being made on time.

**A.    Plaintiff's Discover Account**

21.    On or about May 2, 2024, Plaintiff enrolled in a reduced interest payment plan on his Discover account.

22.    Discover approved the monthly payment in the amount of $110.98. Plaintiff received this approval via email.  A copy of the approval email is attached hereto as **Exhibit A**.

23.    On May 13, 2024, the monthly payment in the amount of $110.98 was withdrawn from Plaintiff's account.

24.     On May 23, 2024, Discover reported to Equifax, Experian, and TransUnion that Plaintiff's Discover account was 30 days past due.

25.     Plaintiff advised Discover of the issue and/or situation; however, Discover failed to acknowledge and/or accept the monthly payment in the amount of $110.98 on May 13, 2024.

26.     Plaintiff advised Discover of the issue and/or situation; however, Discover failed to comply with its reduced interest payment plan that Plaintiff entered/enrolled on May 2, 2024.

27.     Despite remitting the $110.98 payment in accordance with the reduced interest payment plan, Discover reported a late payment to Plaintiff's credit reporting agencies.

28.     Discover failed to acknowledge the reduced interest payment plan and continued reporting the purported late payment.

**B.     Credit Reporting Agencies**

29.     On or about June 10, 2024, Plaintiff sent a dispute letter to Equifax disputing the validity and accurateness of his credit report.   A copy of Plaintiff's dispute letter dated June 10, 2024, is attached hereto as **Exhibit B**.

30.     Equifax failed to take any further steps to investigate Plaintiff's dispute letter (**Exhibit B**) and therefore, inaccurately informed Plaintiff that the reporting of the Alleged Debt was in fact accurate.

31.     Equifax has continued to inaccurately report Plaintiff's Discover account on Plaintiff's consumer report and have included such on any publications of Plaintiff's consumer report.

32.     Plaintiff's harm and/or damages is ongoing as Equifax has failed to correct the inaccuracies on his credit report.

33.     On or about June 10, 2024, Plaintiff sent a dispute letter to TransUnion disputing the validity and accurateness of his credit report.  A copy of Plaintiff's dispute letter dated June 10, 2024, is attached hereto as **Exhibit C**.

34.     TransUnion failed to take any further steps to investigate Plaintiff's dispute letter (**Exhibit C**) and therefore, inaccurately informed Plaintiff that the reporting of the Alleged Debt was in fact accurate.

35.     TransUnion has continued to inaccurately report the Discover account on Plaintiff's consumer report and have included such on any publications of Plaintiff's consumer report.

36.     Plaintiff's harm and/or damages is ongoing as TransUnion has failed to correct the inaccuracies on his credit report.

37.     On or about June 10, 2024, Plaintiff sent a dispute letter to Experian disputing the validity and accurateness of his credit report.  A copy of Plaintiff's dispute letter dated June 10, 2024, is attached hereto as **Exhibit D**.

38.     Experian failed to take any further steps to investigate Plaintiff's dispute letter (**Exhibit D**) and therefore, inaccurately informed Plaintiff that the reporting of the Alleged Debt was in fact accurate.

39.     Experian has continued to inaccurately report the Discover account on Plaintiff's consumer report and have included such on any publications of Plaintiff's consumer report.

40.     Plaintiff's harm and/or damages is ongoing as Experian has failed to correct the inaccuracies on his credit report.

41.     Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit credentials.

42.     Plaintiff's damages pursuant to the FCRA have continued and are continuing as of the filing of this *Complaint*.

43.     As described below, Defendants' conduct constitutes violations of the FCRA, as referenced above, because Defendants' inaccurate and incorrect reporting damaged Plaintiff and hurt her ability to acquire property and loans due to his diminished credit worthiness. As a result of Defendants' conduct, Plaintiff suffered lost time, stress, and frustration.

## COUNT I

## VIOLATION OF THE FCRA BY EQUIFAX

44.     This is an action against Equifax for violation of 15 U.S.C. §1681e(b).

45.     Plaintiff re-alleges and reincorporates paragraphs 1 through 43, as if fully set forth herein.

46.     Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

47.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

48.     In the alternative, Equifax was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

49.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Equifax has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees, and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

## VIOLATION OF THE FCRA BY EQUIFAX

50.    This is an action against Equifax for violation of 15 U.S.C. §1681i.

51.    Plaintiff re-alleges and reincorporates paragraphs 1 through 43, as if fully set forth herein.

52.    Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures to which to filer and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it knows to be unreliable.

53.    As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

54.    In the alternative, Equifax was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

55.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Equifax has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT III

## VIOLATION OF THE FCRA BY TRANSUNION

56.    This is an action against TransUnion for violation of 15 U.S.C. §1681e(b).

57.    Plaintiff re-alleges and reincorporates paragraphs 1 through 43, as if fully set forth herein.

58.    TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

59.    As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

60.    In the alternative, TransUnion was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

61.    Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that TransUnion has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT IV

## VIOLATION OF THE FCRA BY TRANSUNION

62.     This is an action against TransUnion for violation of 15 U.S.C. §1681i.

63.     Plaintiff re-alleges and reincorporates paragraphs 1 through 43, as if fully set forth herein.

64.     TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures to which to filer and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it knows to be unreliable.

65.     As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

66.     In the alternative, TransUnion was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

67.     Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that TransUnion has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT V

## VIOLATION OF THE FCRA BY EXPERIAN

68.     This is an action against Experian for violation of 15 U.S.C. §1681e(b).

69.     Plaintiff re-alleges and reincorporates paragraphs 1 through 43, as if fully set forth herein.

70.     Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

71.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

72.     In the alternative, Experian was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

73.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Experian has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT VI

## VIOLATION OF THE FCRA BY EXPERIAN

74.    This is an action against Experian for violation of 15 U.S.C. §1681i.

75.    Plaintiff re-alleges and reincorporates paragraphs 1 through 43, as if fully set forth herein.

76.    Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures to which to filer and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it knows to be unreliable.

77.    As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

78.    In the alternative, Experian was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

79.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Experian has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT VII

## VIOLATION OF THE FCRA BY DISCOVER

80. This is an action against Discover Bank for violation of 15 U.S.C. §1681e(b).

81. Plaintiff re-alleges and reincorporates paragraphs 1 through 43, as if fully set forth herein.

82. Discover Bank violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

83. As a result of this conduct, action and inaction of Discover Bank, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

84. In the alternative, Discover Bank was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

85. Plaintiff is entitled to recover costs and attorney's fees from Discover Bank in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Discover Bank has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fla. R. Civ. Pro. 1.430.

13

Dated: January 22, 2025                    Respectfully Submitted,

**SHRADER, MENDEZ & O'CONNELL**
902 North Armenia Ave
Tampa, Florida 33609
Phone:  (813) 360-1529
Fax:     (813) 336-0832

/s/ Alejandro J. Mendez____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@shraderlawfirm.com
**ALEJANDRO J. MENDEZ, ESQ.**
Florida Bar No. 1025247
e-mail: amendez@shraderlawfirm.com
**KELLIE N. O'CONNELL, ESQ.**
Florida Bar No. 1030942
e-mail: koconnell@shraderlawfirm.com
*Attorneys for Plaintiff*

# EXHIBIT A

 Gmail

**Maureen Helm <moehelm@gmail.com>**

---

## Your Scheduled Payment
1 message

---

**Discover Card** <discover@services.discover.com>                          Sat, May 11, 2024 at 1:02 PM
Reply-To: dontrply@services.discovercard.com
To: moehelm@gmail.com

🔒 Account Center — Last 4 #: 2406



# TYLER J HELM, your online Discover card payment is scheduled

Here's the info we'll be using for your payment.

### Payment Info

| | |
|---|---|
| **Amount:** | **$110.98** |
| Payment Post Date: | May 13, 2024 |
| Confirmation #: | CN4L-84W9-NN7J |
| Bank Account Name: | SoFi Bank, National account ending in 4898 |

Want to change payment info or your email-address?

| Log In |
|---|

**Discover App**

Take your account anywhere

 



   

Add discover@services.discover.com to your address book to ensure delivery of these emails. See ways to help identify authentic Discover emails by visiting our email security page.

IMPORTANT INFORMATION

This email was sent to moehelm@gmail.com for Discover card account number ending with 2406.

Log in to update your email address or view your account email preferences.

If you have any questions about your account, please visit our contact us page and we will be happy to assist you.

Please do not reply to this email as we are not able to respond to messages sent to this address.

DISCOVER and other trademarks, logos and service marks used in this email are the trademarks of Discover Financial Services or their respective third-party owners.

Discover Products Inc.
P.O. Box 30666
Salt Lake City, UT 84130
©2024 Discover Bank, Member FDIC

TRSCHPMT_A1_ZZ_ZZ

# EXHIBIT B

June 10, 2024

Tyler Helm
5298 31st Ave N
Saint Petersburg, FL 33710

Complaint Department
Equifax Information Services, LLC
P.O. Box 7404256
Atlanta, GA 30374

> **Re:    Equifax Information Services, LLC Dispute**

Dear Sir or Madam:

I am writing to dispute the following information in my file.

Equifax Information Services, LLC ("Equifax") is reporting inaccurate information on my credit report as both accurate and valid relating to credit inquiries. Specifically, Equifax is inaccurately reporting an overdue balance owed to Discover Bank, despite my payments being made on time. Equifax is in violation of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA"), for failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparation of the credit report.

Therefore, please reinvestigate this matter within 30 days and correct the account as soon as possible. Thank you for your prompt attention to this matter.

Sincerely,

**Tyler Helm**

# EXHIBIT C

June 10, 2024

Tyler Helm
5298 31st Ave N
Saint Petersburg, FL 33710

Consumer Solutions
TransUnion, LLC
P.O. Box 2000
Chester, PA 19022

**Re:    TransUnion, LLC Dispute**

Dear Sir or Madam:

 I am writing to dispute the following information in my file.

 TransUnion, LLC ("TransUnion") is reporting inaccurate information on my credit report as both accurate and valid relating to credit inquires. Specifically, TransUnion is inaccurately reporting an overdue balance owed to Discover Bank, despite my payments being made on time. TransUnion is in violation of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA"), for failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparation of the credit report.

 Therefore, please reinvestigate this matter within 30 days and correct the account as soon as possible. Thank you for your prompt attention to this matter.

Sincerely,

**Tyler Helm**

# EXHIBIT D

June 10, 2024

Tyler Helm
5298 31st Ave N
Saint Petersburg, FL 33710

Dispute Department
Experian, PLC
P.O. Box 9701
Allen, TX 75013

   **Re:** **Experian, PLC Dispute**

Dear Sir or Madam:

  I am writing to dispute the following information in my file.

  Experian, PLC ("Experian") is reporting inaccurate information on my credit report as both accurate and valid relating to credit inquiries. Specifically, Experian is inaccurately reporting an overdue balance owed to Discover Bank, despite my payments being made on time. Experian is in violation of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA"), for failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparation of the credit report.

  Therefore, please reinvestigate this matter within 30 days and correct the account as soon as possible. Thank you for your prompt attention to this matter.

Sincerely,

**Tyler Helm**